IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA M. RIESBERG, | |
| Plaintiff, | 8:18-CV-456 |
| vs. | |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon the plaintiff's Motion for Award of Attorney Fees Pursuant under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (filing 23). The defendant has no objection to awarding of fees and expenses in the amount of $2,523.02, which represents 0.6 hours of work at a rate of $201.60 per hour, 11.1 hours of work at a rate of $205.25 per hour, and 0.6 hours of work at a rate of 206.30 per hour.[1] Filing 23-2.

The Court has determined that plaintiff was the prevailing party in this action, as the Commissioner's decision was reversed and the case was remanded to the Commissioner for further proceedings; that the application for fees was filed in a timely fashion;[2] and that the position of the

---

[1] The maximum hourly fee of $125 specified in 28 U.S.C. § 2412(d)(1)(D)(2)(A) was adjusted to account for inflation. *See* filing 23-1 at 2-3.

[2] An Equal Access to Justice Act application based on a district court judgment remanding a case pursuant to sentence four of 42 U.S.C. § 405(g) must be filed no later than 30 days after the sentence four judgment has been entered and the appeal period has run such that the judgment is no longer appealable. *See Pottsmith v. Barnhart*, 306 F.3d 526, 527-28 (8th Cir. 2002); *see also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 94-97 (1991).

Commissioner was not substantially justified because the administrative law judge made findings that were not supported by substantial evidence. *See Koss v. Sullivan*, 982 F.2d 1226 (8th Cir. 1993). Therefore, the plaintiff is entitled to an award of attorney fees.

IT IS ORDERED:

1.      The plaintiff's Motion for Award of Attorney Fees Pursuant under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (filing 23) is granted.

2.      By separate document, the Court shall enter judgment for the plaintiff and against the defendant providing that the plaintiff is awarded attorney fees of $2,523.02.

Dated this 27th day of February, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge